THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHELTON WILLIAMS,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. 4:18-cr-00036-DN<br><br>District Judge David Nuffer |

Defendant Shelton Williams filed a pro se motion seeking a reduced sentence ("Motion")[1] based on his age at the time of his offense, his rehabilitative efforts and potential, his health and the COVID-19 pandemic, his family circumstances, and an alleged disparity of his sentence and his co-defendants' sentences.[2] The government filed an opposition to his Motion[3] and the United States Probation Office filed a recommendation to deny the Motion.[4] Neither Mr. Williams nor the Assistant Federal Public Defender assigned to his case filed a reply memorandum.[5] Briefing for the Motion is complete. Because Mr. Williams fails to demonstrate that his circumstances constitute extraordinary and compelling reasons to warrant compassionate release or a reduced sentence, Mr. Williams's Motion is DENIED.

---

[1] Mr. Williams does not request home confinement.

[2] Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582 and § 4205(g) ("Motion") at 6, docket no. 174, filed May 5, 2021.

[3] United States' Opposition to Defendant's Emergency Motion for Compassionate Release and Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) ("Opposition"), docket no. 176, filed May 26, 2021.

[4] First Step Act Relief Recommendation ("Recommendation"), docket no. 178-3 SEALED, filed Jun. 8, 2021.

[5] Motion to Withdraw ("Motion to Withdraw"), docket no. 180, filed Jun. 23, 2021.

Table of Contents

Background ................................................................................................................ 2
Discussion ................................................................................................................. 3
    Mr. Williams's Motion is procedurally proper ................................................ 3
    The Tenth Circuit's three-step test for compassionate release motions  filed by pro se
    movants ............................................................................................................. 4
    Mr. Williams fails to demonstrate that his circumstances constitute extraordinary and
        compelling reasons to justify a reduced sentence and the § 3553(a) factors weigh
        heavily against granting him a reduced sentence ................................................... 6
        (1) The COVID-19 pandemic and Mr. Williams's medical conditions do not
            constitute extraordinary and compelling reasons to grant compassionate
            release. ..................................................................................................... 6
        (2) Mr. Williams's family situation does not constitute extraordinary and
            compelling reasons to reduce his sentence. .............................................. 9
        (3) Mr. Williams's sentence was within the discretion of the court and the
            difference in his sentence from his co-defendants' sentences is supported
            by the record. .......................................................................................... 10
        (4) The relevant factors of 18 U.S.C. § 3553(a) do not support granting Mr.
            Williams compassionate release. ............................................................. 11
Conclusion ............................................................................................................. 12
Order  ...................................................................................................................... 13

## BACKGROUND

On June 10, 2019, Mr. Williams plead guilty to four counts of Pharmacy Burglary under

18 U.S.C. § 2118(b) and 18 U.S.C. § 2, and one count of Conspiracy to Distribute a Controlled

Substance under 21 U.S.C. § 841(a)(1).[6] On February 12, 2020, Mr. Williams was sentenced to

132 months incarceration followed by a 36-month term of supervised release.[7] According to the

U.S. Probation Office, Mr. Williams's projected good time release date is April 30, 2028.[8]

---

[6] Docket no. 106, entered Jun. 10, 2019; *see also* Judgment in a Criminal Case ("Judgment"), docket no. 152, filed Feb. 13, 2020.

[7] Judgment at 2–3.

[8] First Step Act Relief Eligibility Report at 3 ("Report"), docket no. 178 SEALED, filed Jun. 8, 2021.

Mr. Williams is 36 years old,[9] suffers from diabetes, high blood pressure, sleep apnea and morbid obesity.[10] Mr. Williams was offered the COVID-19 vaccine on April 16, 2021, but refused inoculation.[11]

## DISCUSSION

### Mr. Williams's Motion is procedurally proper

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court him or herself."[12] However, to file such a motion, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[13] If one of these requirements is satisfied, "a court may reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction,' and that such reasons 'could not reasonably have been foreseen by the court at the time of sentencing.'"[14] In making this determination, the court must also consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable.[15]

Mr. Williams submitted a request for relief under the First Step Act to the Warden at USP Atwater on January 15, 2021.[16] The Warden denied Mr. Williams's request on February 1,

---

[9] Report at 2.

[10] Motion at 2; Report ¶ 9 at 4.

[11] Exhibit C, Medical Records ("Ex. C") at 83, docket no. 177-1 SEALED, filed May 26, 2021.

[12] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F.Supp.3d 1185, 1187 (D. N.M. 2019)).

[13] 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

[14] *Williams*, 2020 WL 806026, *1 (quoting 18 U.S.C. § 3582(c)(1)(A)(i); 28 C.F.R. § 571.60).

[15] 18 U.S.C. § 3582(c)(1).

[16] Motion, Exhibit ("Ex.") at 30, docket no. 174-1, filed May 5, 2021.

2021.[17] On May 5, 2021, Mr. Williams filed his Motion.[18] Therefore, the Motion is procedurally proper and its merits may be addressed.[19]

### The Tenth Circuit's three-step test for compassionate release motions filed by pro se movants

The Tenth Circuit recently adopted the Sixth Circuit's three-step test for considering motions for compassionate release.[20] First, the district court must "find whether extraordinary and compelling reasons warrant a sentence reduction."[21] Second, the district court must "find whether such reduction is consistent with applicable policy statements issued by the Sentencing Commission."[22] And third, the district court shall "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."[23] "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."[24] "But when a district court grants a motion for compassionate release, it must of course address all three steps."[25]

"At step one of the test . . . a district court must find whether extraordinary and compelling reasons warrant a sentence reduction."[26] "[D]istrict courts, in applying [step one of

---

[17] *Id*. at 27.

[18] Motion.

[19] 18 U.S.C. § 3582(c)(1)(A).

[20] *United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021).

[21] *Id*. at 1042 (internal citations and quotation marks omitted).

[22] *Id*.

[23] *Id*.

[24] *Id*. at 1043.

[25] *Id*.

[26] *United States v. Groat*, No. 2:17-CR-104, 2021 WL 1238101, at *3 (D. Utah Apr. 2, 2021) (*quoting McGee*, 992 F.3d at 1043 (internal quotations omitted).

the] test, have the authority to determine for themselves what constitutes extraordinary and compelling reasons, but that this authority is effectively circumscribed by [step two] of the [] test, i.e., the requirement that a district court find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[27] However, "the Sentencing Commission's existing policy statement is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants."[28] Therefore, because the Sentencing Commission has not issued any new policy statements applicable to motion for sentence reductions filed directly by defendants, step two of the test does not apply in this case, and this court has the authority to determine whether Mr. Williams's Motion presents extraordinary and compelling reasons to grant him compassionate release.

As a *pro se* litigant,[29] Mr. Williams's filings are "to be liberally construed."[30] "[I]f the court can reasonably read the [petition] to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[31]

Because Mr. Williams fails steps one and three of the test, his Motion will be denied.

---

[27] *McGee*, 992 F.3d at 1045 (internal quotation marks omitted).

[28] *Id.* at 1050 (internal citations omitted).

[29] Mr. Williams filed a Motion for Appointment of Counsel, docket no. 173, filed May 5, 2021. After reviewing Mr. Williams's motion, the Assistant Federal Public Defender assigned to his case declined to provide assistance or a reply. *See* Motion to Withdraw.

[30] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[31] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**Mr. Williams fails to demonstrate that his circumstances constitute extraordinary and compelling reasons to justify a reduced sentence and the § 3553(a) factors weigh heavily against granting him a reduced sentence.**

Mr. Williams requests a reduced sentence to time-served.[32] His argument is three-fold: (1) the COVID-19 pandemic and his medical conditions together constitute extraordinary and compelling reasons sufficient to reduce his sentence;[33] (2) his family circumstances are extraordinary and compelling and warrant a reduced sentence;[34] (3) his sentence is unfair compared to his co-defendants' sentences;[35] and (4) the § 3553(a) factors, taking into account his rehabilitative efforts in prison, weigh in favor of his early release.[36]

**(1) The COVID-19 pandemic and Mr. Williams's medical conditions do not constitute extraordinary and compelling reasons to grant compassionate release.**

While "most courts agree that [a defendant] demonstrates extraordinary and compelling circumstances if [the defendant] has serious underlying health conditions that place [the defendant] at an increased risk of serious illness or death from COVID-19 while incarcerated," "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."[37]

The Bureau of Prisons has implemented stringent protocols in order to stop any spread of COVID-19 to inmates and staff.[38] These protocols include:

---

[32] Motion at 1, 16.

[33] *Id*. at 9–12.

[34] *Id*. at 12–14.

[35] *Id*. at 16.

[36] *Id*. at 14–17.

[37] *United States v. Fordham*, No. 2:18 CR 481 DB, 2020 WL 6940707, at *2 (D. Utah Nov. 25, 2020) (internal citations and quotation marks omitted).

[38] Opposition, Exhibit A Legal Discussion ("Ex. A") at 2–6, docket no. 176-1, filed May 26, 2021; *see also* Opposition, Exhibit B BOP COVID-19 Action Plans ("Ex. B"), docket no. 176-2, filed May 26, 2021.

- All inmates in every institution are secured in their assigned cells for a period of at least 14 days;

- Only limited group gathering is permitted to facilitate commissary, laundry, showers, telephone, and computer access;

- All staff and inmates have been and will continue to be issued face masks and encouraged to wear an appropriate face covering when in public areas when social distancing cannot be achieved;

- All newly admitted inmates are screened for COVID-19 exposure and symptoms;

- Asymptomatic inmates with risk of exposure are placed in quarantine for a minimum of 14 days or until cleared by medical staff;

- Symptomatic inmates are placed in isolation until they test negative for COVID-19 or are cleared by medical staff as meeting CDC criteria for release from isolation;

- Prison staff are temperature checked before entering the facilities, and any staff member with a temperature of 100.4 degrees Fahrenheit or higher is barred from the facility;

- Staff members having a stuffy or runny nose may be placed on leave by a medical officer;

- Official travel for prison staff, and most training, has been cancelled;

- Social and legal visits at facilities have resumed, but visitation is non-contact only, with use of barriers between inmates and visitors or strict social distancing enforced; and

- Expanded COVID-19 testing for inmates.[39]

Additionally, the BOP has "pursued an aggressive vaccination strategy."[40] As of April 19, 2021, all BOP inmates were eligible to receive the vaccine.[41] Mr. Williams was offered the COVID-19 vaccine on April 16, 2021, 19 days before he filed his Motion, but refused inoculation.[42]

---

[39] Ex. A at 2–3; *see also* Ex. B.

[40] Ex. A at 4.

[41] *Id*.

[42] Ex. C at 83.

Mr. Williams is serving his sentence at USP Atwater.[43] At this time, USP Atwater currently has 0 inmates and 2 staff with positive COVID-19 tests.[44] There have been no deaths at USP Atwater from COVID-19, and 350 inmates and 63 staff have recovered.[45]

Mr. Williams argues that his medical conditions put him "at an increased risk of death or serious illness" from COVID-19.[46] The CDC maintains a list of factors that increase the risk that a person will become severely ill from COVID-19.[47] Diabetes, obesity, and *possibly* high blood pressure "*can* make you more likely to get severely ill from COVID-19."[48] Chronic lung diseases "*can* make you more likely to get severely ill from COVID-19," but sleep apnea is not listed as a chronic lung disease.[49]

The U.S. Probation Office confirms Mr. Williams's medical conditions,[50] but declines to "make a medical determination that defendant's physical condition significantly increases his risk of contracting COVID-19 or suffering substantial consequences from exposure or contraction of the disease."[51] Based on the record, Mr. Williams is being treated for his conditions.[52] Most importantly, prior to filing his Motion, Mr. Williams was offered the COVID-19 vaccine and he refused inoculation.[53] Mr. Williams does not explain why he refused the

---

[43] Report at 4.

[44] https://www.bop.gov/coronavirus/ (last visited July 19, 2021).

[45] https://www.bop.gov/coronavirus/ (last visited July 19, 2021).

[46] Motion at 10.

[47] CDC, "People with Certain Medical Conditions," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jul. 19, 2021).

[48] *Id.* (emphasis added).

[49] *Id.* (emphasis added).

[50] Report ¶ 8 at 4.

[51] Recommendation.

[52] Ex. C.

[53] *Id*. at 83.

vaccine. In *United States v. Greenlaw*,[54] the District Court chose to follow most courts in deciding that vaccine refusal was a factor weighing against the defendant's release, and that "rewarding [Mr. Williams] for his vaccination refusal would create a perverse incentive for defendants like [Mr. Williams] to refuse COVID-19 vaccines and put their lives and the lives of others in jeopardy in an effort to bolster their compassionate release motions."[55]

Mr. Williams argues that his "lack of any ability [] to take proper precautions"[56] as provided by the CDC puts him at greater risk of contracting COVID-10, but chose to ignore the CDC recommendation that persons "[g]et a COVID-19 vaccine as soon as you can."[57] Mr. Williams's arguments about the dangers he faces from COVID-19 because of his medical conditions are seriously undermined by his refusal of the vaccine.

On this record, Mr. Williams fails to demonstrate that the combination of his medical conditions and the current COVID-19 pandemic constitute extraordinary and compelling reasons to warrant relief.

**(2) Mr. Williams's family situation does not constitute extraordinary and compelling reasons to reduce his sentence.**

Mr. Williams's family situation also does not constitute an extraordinary and compelling reason to reduce his sentence. The Sentencing Commission has defined "extraordinary and compelling reasons" to include circumstances where the caregiver of the defendant's minor child is incapacitated.[58] "The Sentencing Commission's policy statement is not binding for purposes

---

[54] *United States v. Greenlaw*, No. 1:18-CR-00098-JAW-06, 2021 WL 1277958 (D. Me. Apr. 6, 2021). Note that this case is not binding precedent in the Tenth Circuit.

[55] *Greenlaw*, 2021 WL 1277958 at *7.

[56] Motion at 11.

[57] CDC, "People with Certain Medical Conditions," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 19, 2021).

[58] U.S.S.G. 1B1.13 at Commentary Application Notes 1(C).

of Mr. Williams's Motion,"[59] "[b]ut it does provide helpful considerations for determining whether Defendant's circumstances are extraordinary and compelling."[60]

Mr. Williams asserts that his daughter[61] has suffered from brain cancer since birth and has significant medical issues and that he was the "fulltime primary caregiver for his kids when he was home."[62] Mr. Williams also states that "[T]he Mother of Williams daughter has become incapacitated due to the pandemic" and explains further that "she is having a difficult time caring for their daughter and her therapy [*sic*], while trying to provide an income," and that she "is having a hard time adjusting to the pandemic."[63] The difficulties the Mother of Williams's daughter is experiencing due to the pandemic does not constitute incapacitation and represents the experiences of many other caregivers during the pandemic. Mr. Williams has also failed to provide any evidence that he is "the only available caregiver" for his daughter and that he is "the most appropriate caregiver to his daughter."[64] Therefore, Mr. Williams's family situation does not constitute an extraordinary and compelling reason to reduce his sentence.

**(3) Mr. Williams's sentence was within the discretion of the court and the difference in his sentence from his co-defendants' sentences is supported by the record.**

Mr. Williams argues that his sentence is unfair because his co-defendants received shorter sentences and his reduced sentence would be "commensurate with what people routinely

---

[59] *United States v. Bradshaw*, No. 2:13-CR-00775-DN, 2020 WL 7698788, at *2 (D. Utah Dec. 28, 2020).

[60] *Bradshaw* at *2; *see also United States v. Carr*, No. 20-1152, 2021 WL 1400705, at *4 (10th Cir. Apr. 14, 2021) (unpublished).

[61] It appears from the record that Mr. Williams has one child, a son. The daughter he refers to is the daughter of the Mother of his son. *See* Supplement to Presentence Investigation Report ("Supplement PSI"), docket no. 139 SEALED, filed Nov. 26, 2019.

[62] Motion at 13–14.

[63] *Id*. at 13.

[64] *Id*.

receive today for substantially more serious conduct."[65] Review of all filings used for sentencing in Mr. Williams's case and his co-defendants' cases show that Mr. Williams's sentence was within the discretion of the court, was below the guideline range, and the difference in sentences is supported by the record.[66]

**(4) The relevant factors of 18 U.S.C. § 3553(a) do not support granting Mr. Williams compassionate release.**

Even if Mr. Williams's had demonstrated extraordinary and compelling reasons to warrant a reduced sentence, the relevant factors of 18 U.S.C. § 3553(a) do not support granting a reduction in his sentence. Mr. Williams was convicted of multiple counts of Pharmacy Burglary as well as a count of Conspiracy to Contribute a Controlled Substance.[67] Mr. Williams's criminal history is long and includes convictions for:

> grand theft; battery; forgery; conspiracy to commit grand theft; felon in possession of a firearm; driving with a suspended license; reckless driving; using another person's identification; participate in criminal street gang activity; and sale/transportation/offer and possession of a controlled substance.[68]

Mr. Williams is also a documented member of the "Insane Crips Gang," although he says he is no longer a gang member and discontinued gang activity in 2015.[69] Mr. Williams's total criminal

---

[65] *Id*. at 16.

[66] *See* Presentence Investigation Report (Tyree James Joyner), docket no. 65 SEALED, filed Jan. 16, 2019; Judgment in a Criminal Case (Tyree James Joyner), docket no. 71, filed Jan. 28, 2019; Statement of Reasons (Tyree James Joyner), docket no. 72 SEALED, filed Jan. 28, 2019; Presentence Investigation Report (Tyron Lamont Hawkins), docket no. 127 SEALED, filed Nov. 12, 2019; Supplement to Presentence Investigation Report (Shelton Williams, Tyron Lamont Hawkins), docket no. 138 SEALED, filed Nov. 26, 2019; Judgment in a Criminal Case (Tyron Lamont Hawkins), docket no. 151, filed Feb. 12, 2020; Statement of Reasons (Tyron Lamont Hawkins), docket no. 154 SEALED, filed Feb. 13, 2020; Presentence Investigation Report (Shelton Williams), docket no. 126 SEALED, filed Nov. 12, 2019; Supplement PSI; Judgment; Statement of Reasons (Shelton Williams), docket no. 153 SEALED, filed Feb. 13, 2020.

[67] Report at 1–2.

[68] Presentence Investigation Report ("PSI") at ¶¶ 107–112 at 16–17, ¶¶ 115–132 at 17–22, docket no. 178-1, filed Jun. 8, 2021.

[69] PSI at 3–4; Opposition at 4.

history score was 33, placing him in criminal history category VI.[70] His guideline range of imprisonment was 151 to 188 months.[71] He was sentenced to 132 months imprisonment[72] and a 3-year term of supervised release.[73] He was also ordered to pay $180,019 in restitution.[74]

Considering and balancing the relevant factors of 18 U.S.C. § 3553(a), the serious nature and circumstances of Mr. Williams's offenses, the appropriateness of the original 132-month sentence, and the need to protect the public from further crimes weigh heavily against reducing his sentence. We also note that while Mr. Williams's efforts at rehabilitation while in prison[75] are admirable, the relevant factors of 18 U.S.C. § 3553(a) still do not support granting Mr. Williams a reduced sentence.

Any remaining arguments by Mr. Williams lack merit.

## CONCLUSION

Mr. Williams has failed to show extraordinary and compelling reasons to grant him a reduced sentence and the factors of 18 U.S.C. § 3553(a) weigh heavily against a sentence reduction. Mr. Williams's Motion is DENIED. Mr. Williams's motion for appointment of counsel[76] is GRANTED insofar as the Assistant Federal Public Defender assigned to his case reviewed his Motion and declined to file a reply,[77] and commensurate with the procedures outlined in General Order No. 20-019.

---

[70] PSI ¶ 135 at 22.

[71] Report at 3.

[72] Judgment at 2.

[73] *Id.* at 3.

[74] *Id.* at 6

[75] Motion at 14–16.

[76] Motion for Appointment of Counsel, docket no. 173, filed May 5, 2021.

[77] Motion to Withdraw.

## ORDER

IT IS HEREBY ORDERED that Mr. Williams's Motion for Reduction of Sentence

Pursuant to 18 U.S.C. § 3582 and § 4205(g)[78] is DENIED.

IT IS FURTHER ORDERED that Mr. Williams's Motion for Appointment of Counsel[79]

is GRANTED commensurate with General Order No. 20-019.

IT IS FURTHER ORDERED that the Assistant Federal Public Defender's Motion to

Withdraw[80] is also GRANTED.

Signed July 19, 2021.

BY THE COURT

David Nuffer
United States District Judge

---

[78] Docket no. 174, filed May 5, 2021.

[79] Docket no. 173, filed May 5, 2021.

[80] Docket no. 180, filed Jun. 23, 2021.